# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON,<br>　　　　　　Petitioner,<br><br>　　vs.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA; THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA,<br>　　　　　　Respondents. | Civil Action No. 14-1563<br>Chief Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM OPINION**

Lynne Thompson ("Petitioner"), having been convicted of several instances of passing bad checks in state court, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("the Petition") to challenge her state court convictions. Because she has procedurally defaulted two of her three grounds for relief and because the third ground is not cognizable in federal habeas proceedings, the Petition will be dismissed and a certificate of appealability will be denied.

## **I. PROCEDURAL HISTORY**

Petitioner was charged on October 27, 2010, by Criminal Information filed in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania, at No. CC 2010 – 11580 with two counts of writing bad checks with the offense date being March 29, 2010. ECF No. 27-1 at 1 – 15.  Petitioner was also charged on December 9, 2010, by Criminal Information filed in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania, at No. CC 2010 – 15465 with one count of writing bad checks, with the offense date being February 1, 2010.  Id. at 16 – 30.  Petitioner was also charged on December 30, 2010,

by Criminal Information filed in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania, at No. CC 2010 – 15416 with one count of writing bad checks with the offense date being May 24, 2010. Id. at 31 – 45. Lastly, Petitioner was charged on April 8, 2011, by Criminal Information filed in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania, at No. CC 2011 – 02158 with three counts of writing bad checks with the offense date being October 30, 2010. Id. at 46 – 59.

On June 6, 2011, Petitioner appeared before the Honorable Randal B. Todd (hereafter referred to as "trial court") to enter a plea of nolo contendere at No. CC 2010-11580, No. CC 2010-15465, and No. CC 2010-15416. At the proceeding, Petitioner was represented by Attorney Louis Coles. The Court accepted the plea for these three cases and sentencing was deferred to a later date.

On August 12, 2011, Attorney Coles filed a Motion to Withdraw Plea on behalf of Petitioner. ECF No. 27-2 at 1 – 5.

On September 28, 2011, Attorney Todd Hollis entered his appearance as Petitioner's counsel. ECF Nos. 27-1 at 5, 20, 35, 49. On November 17, 2011, Petitioner appeared before the trial court, with Attorney Hollis, to enter a plea of nolo contendere at No. CC 2011 – 02158 and also at the same proceeding to be sentenced on the other three cases at No. CC 2010-11580, No. CC 2010-15465, and No. CC 2010-15416. On that date, the trial court accepted the plea at the No. CC 2011 – 02158. ECF No. 27 at 8 – 9. On the same date, the trial court imposed an aggregate sentence of three to six years of incarceration to be followed by five years of probation at all four cases. More specifically, at No. CC 2011-2158 Petitioner was sentenced to 1 to 2

years of incarceration with credit for 85 days from August 25, 2011 to November 17, 2011,[1] meaning that the effective date of the sentence was August 25, 2011 with the minimum one year sentence expiring on August 25, 2012 and the maximum expiring on August 25, 2013.[2] ECF No. 27-2 at 9. At CC No. 2010-15465, Petitioner received a sentence of 1 to 2 years of incarceration (with a credit of 85 days from August 25, 2011 to November 17, 2011) to be served consecutive to the sentence imposed at CC No. 2011-2153. Id. at 7. At CC No. 2010-11580, Petitioner was sentenced to 1 to 2 years of incarceration (with a credit of 85 days from August 25, 2011 to November 17, 2011) which was to be served consecutive to the sentence imposed at CC No. 2010-15465. Id. at 6. At CC No. 2010-14416, Petitioner was sentenced to a total of 5 years of probation to be served consecutive to the sentence imposed at CC No. 2010-11580. Id. at 9.[3]

---

[1] The date of August 25, 2011 is the date that Petitioner's bond was revoked as to all four of Petitioner's criminal cases at issue herein. ECF No. 27-3 at 10 – 11.

[2] The sentence imposed at No. CC 2011-2153 also included a minimum sentence of 9 months under the Recidivism Risk Reduction Incentive ("RRRI") Program, a statutory scheme described by the Pennsylvania Superior Court as follows:

> 61 Pa.C.S. § 4505(c). Eligible offenders are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less, or five-sixths of a minimum sentence of more than three years. *See id.* After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. *See generally* 61 Pa.C.S. § 4506.

Commonwealth v. Main, 6 A.3d 1026, 1027 n.3 (Pa. Super. 2010). None of the parties seem to explain the significance of this RRRI sentence or whether Petitioner actually participated in the required programs and/or satisfactorily completed those Department of Corrections RRRI programs.

[3] We note that three of the sentencing orders have the date of November 17, 2011 but the sentencing order at CC NO. 2010-15465 has the date of November 18, 2011. The Respondents
(…footnote continued)

On November 30, 2011, Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court, which was docketed at No. 1917 WDA 2011. On December 9, 2011, an Amended Notice of Appeal was filed by Petitioner's appellate counsel, Victoria Vidt, Esquire, of the Allegheny County Public Defender's Office. On January 26, 2012, Petitioner filed a "Praecipe for Discontinuance" of the appeal to the Superior Court and the appeal was thereafter discontinued. Id. at 13.

On April 13, 2012, new counsel for Petitioner, Patrick Thomassey, Esquire, filed supplemental post-sentence motions, id., at 15 – 17, which were denied by the trial court by order dated April 26, 2012. Id. at 19.

On May 30, 2012, Petitioner then filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"), id. at 20 – 34, and Charles Pass III, Esquire, was then appointed to represent Petitioner.

On June 25, 2012, Attorney Pass filed a motion to withdraw as counsel, a no-merit brief in support of the motion, and an appendix to the motion pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 2008) (en banc), in which he addressed and found no merit in the issues raised by Petitioner in her pro se PCRA petition. ECF No. 27-3 at 1 - 29. On October 17, 2012, Petitioner filed a pro se response to the no-merit brief. Id. at 30 – 42. On October 30, 2012, the trial court issued a Notice of Intent to Dismiss the PCRA petition without a hearing and granted counsel's petition to withdraw. ECF No. 27-4 at 1 - 3. Petitioner then filed a pro se response to the proposed dismissal on November 14, 2012. Id. at 4 - 11. On December 19, 2012, the trial court entered an order denying Petitioner's PCRA petition. Id. at 13.

---

indicate that the difference in the date is due to a clerical error and is of no legal significance. ECF No. 27 at 23 n. 8. Petitioner does not convince this Court otherwise.

Petitioner, acting pro se, then filed a Notice of Appeal to the Superior Court on January 4, 2013, which was docketed at No. 232 WDA 2013. The trial court filed its Opinion in response to the appeal on January 21, 2014. Id. at 20 – 34. On May 30, 2014, the Superior Court dismissed Petitioner's appeal because she failed to file an appellate brief. Id. at 35. On July 10, 2014, the record was remitted to the Court of Common Pleas of Allegheny County.

Petitioner then filed the instant Petition seeking habeas relief with this Court on November 14, 2014. ECF No. 2. In the Petition, she raised three grounds for relief:

> Ground One: Lynne was detained in ACJ by J. Todd; From Aug. 25, 2011 until July 5, 2012 only given credit for eighty-five days not for time and sentencing order was changed where only shows the end date of 11-17-11; the start date was actually 8-25-11 thru July 5, 2012 a total of twelve months were taken away on the sentencing order for case 2010-15465. . . .

ECF No. 2 at 6 & 3.[4]

> Ground Two: Ineffective assistance of counsel. Both counsel(s) never corrected the dates to get credit for time that had already been served in ACJ. Neither one did anything to correct this wrong along with having due process where a miscarriage of justice had been done.

Id. at 10.

> Ground Three: Filed a civil rights law suit against Judge Todd in federal court had asked for IFP, was stated "three strikes" was due to pay filing fee's [sic] was not permitted out of the building of Renewal Center; from a phone call from Judge Todd, stating in his Courtroom Lynne was being disruptive and causing a scene where it was found out that at the time this supposedly happened Lynne was downstairs in the Renewal Center, the civil rights law suit was dismissed, an appeal to the Third Circuit where I was denied my rights and lied upon this was another form where Judge Todd Denied constitutional and civil rights.

Id. at 11, 12.

---

[4] The Petition is not precise because Petitioner added pages to the Form Petition without clearly indicating which added page goes with which part of the Form Petition.

5

Petitioner also filed a document entitled "Admenments [sic] to Writ of Habeas Corpus" (hereinafter the "Supplemental Petition"). ECF No. 5. In the Supplemental Petition, Petitioner raised claims regarding her conditions of confinement while in the Allegheny County Jail, namely, her receipt of medications or lack thereof and her medical treatment, id., at 3 – 4. In addition, she complained about Judge Todd calling the Renewal Center and asserting that Petitioner was causing a disturbance in Judge Todd's Courtroom, which resulted in Petitioner not being permitted to leave the Renewal Center. Id. at 4 – 6. Petitioner sought to amend her claim for relief to include damages. Id. at 8 – 9.

On March 31, 2015, the Commonwealth of Pennsylvania (the "Commonwealth") filed its Answer, in which it denied Petitioner was entitled to any relief and asserted, inter alia, that Petitioner had procedurally defaulted her claims due to her voluntarily discontinuing her direct appeal to the Pennsylvania Superior Court and due to her failure to file a brief in the Superior Court on appeal from her PCRA proceedings, with the result that the Superior Court dismissed her appeal. ECF No. 27.[5] The Commonwealth also declined to reply to Petitioner's

---

[5] The Commonwealth specifically argues only that Petitioner's Ground One is procedurally defaulted, ECF No. 27 at 20, but claims that resolution of that Ground essentially resolves all of Petitioner's Grounds for relief because they are dependent upon establishing that Ground One has merit. Even if the Answer had not raised the issue of procedural default with respect to all of Petitioner's Grounds for relief, the Court has the inherent power to do so sua sponte. Szuchon v. Lehman, 273 F.3d 299, 321 n. 13 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has explained that

> [a] court of appeals can raise a procedural default sua sponte. We retain this discretion because the doctrine of procedural default, while not a jurisdictional rule, 'is grounded upon concerns of comity between sovereigns and often upon considerations of judicial efficiency.' *Hardiman*, 971 F.2d at 503 (citations omitted). 'Because these concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived.' *Id*.

(…footnote continued)

Supplemental Petition, noting that her challenges to her conditions of confinement are not cognizable in this habeas proceeding. ECF No. 27 at 11, n. 7.[6] The Respondents attached copies of much of the state court record to the Answer.

Subsequent to the Answer, Petitioner filed five different Motions, ECF Nos. 28 – 32, all of which will be denied herein as moot for the most part given that the Petition is being denied.

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 3, 7, 15.[7]

## II. DISCUSSION

### A. Ground One is meritless and was procedurally defaulted.

In Ground One of the Petition, Petitioner argues that she was not properly given credit for time served against her sentence of incarceration for a period of time from August 25, 2011 to July 5, 2012 on the specific Criminal Case No. 2010-15465. ECF No. 2 at 3 ("Lynne was detained in ACJ by J. Todd; From Aug. 25, 2011 until July 5, 2012 only given credit for eighty-five days not for time and sentencing order was changed where only shows the end date of 11-17-11; the start date was actually 8-25-11 thru July 5, 2012 a total of twelve months were taken away on the sentencing order for case 2010-15465"). As the Respondents point out, they are perplexed, as are we, because it appears that Petitioner seeks not only pre-trial or pre-sentencing

---

Id. (some citations omitted). Accord Hull v. Freeman, 932 F.2d 159, (3d Cir. 1991)(court *sua sponte* addressed the affirmative defense of procedural default notwithstanding the parties' failure to raise the issue); Sweger v. Chesney, 294 F.3d 506, 520-22 (3d Cir. 2002); Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

[6] Petitioner also filed various motions before the Respondents filed their Answer, ECF Nos. 4, 8, 10, 16, 18 & 22, that were denied. ECF No. 6; Text Order dated 12/23/2015; ECF Nos. 12, 21 & 23.

[7] Petitioner submitted two consents. ECF Nos. 3, 7.

custody credit for a period of time from August 25, 2011 (the date Petitioner's bond was revoked relative to the instant charges)[8] to November 17, 2011, (the date Petitioner was sentenced on the instant charges) but she also inexplicably seeks credit for the period <u>after</u> sentencing from November 18, 2011 to July 5, 2012.

### 1. Ground One is Meritless.

We note that in the Sentencing Order for Criminal Case No. 2010 - 15465, the trial court ordered Petitioner confined for a minimum of one year to a maximum of two years of incarceration and that this sentence was to be served consecutive to the sentence imposed at Criminal Case No. 2011-2158 where another one to two year sentence was imposed. ECF No. 27-2 at 7, 9. In both sentences, Petitioner was ordered to receive credit for time served from August 25, 2011 to November 17, 2011. <u>Id</u>. Hence, we find that to the extent Petitioner is

---

[8] Hence, as of August 25, 2011, and thereafter it appears that Petitioner's custody was related solely to the convictions that she is challenging in the instant Petition in this Court. However, prior to August 25, 2011, Petitioner's custody was not related to any of the charges at issue in this Petition. Specifically, her PCRA counsel in his no merit brief explained that

> Defendant was in custody during the period of September 2 to 28, 2010 solely on account of CC200913587 as part of pre-trial detention on that case and not as a result of a probation/parole violation detainer issued on account of any charges/cases in the instant matter. See A1-A2, A7-A11. Even though only a sentence of 1 year probation was imposed at that case on December 16, 2010, see A9, she was not detained during that period on any of the cases in the instant matter and, thus, is not entitled to additional credit in the instant matter for any time spent in custody during that period. Note, on July 22, 2011, a probation violation detainer was issued at CC200913587 (due to charges/convictions at one or more of the cases involved in the instant matter) but Defendant was not detained on that warrant until August 26, 2011. Accordingly, even if a sentence of incarceration is not imposed for the probation violation at CC200913587, she is not entitled to additional credit here on account of that detainer because she was already given credit toward the sentence in the instant matter from August 26, 2011.

ECF No. 27-3 at 25 (footnote omitted). We note that Petitioner was given credit from August 25, 2011 rather than August 26, 2011 as stated in the above quote. This discrepancy is not explained nor does it appear to be of any significance to the outcome of this case.

complaining about not receiving credit for custody on the sentence imposed at Criminal Case No. 2010-15465, from August 25, 2011 to November 17, 2011, her claim is meritless as she in fact received credit against both of these two sentences.

We further note that because the sentence in Criminal Case No. 2010-15465 was ordered to be served consecutive to the one to two year sentence imposed in Criminal Case No. 2011-2158, Petitioner would not be entitled to credit against Criminal Case No. 2010-15465 until she completed at least the minimum one year sentence for Criminal Case No. 2011-2158 and she would not have completed such one year sentence for Criminal Case No. 2011-2158 until at the earliest August 25, 2012 given that the effective date of the sentence for Criminal Case No. 2011-2158 would be August 25, 2011 in light of the pre-trial/sentence credit given on that sentence by the Court of Common Pleas. Thus, we find that Petitioner's claim that she is entitled to credit against her sentence in Criminal Case No. 2010-15465 from November 17, 2011 until July 5, 2012 is meritless.

## 2. Ground One was Procedurally Defaulted.

In the alternative, we find Ground One to have been procedurally defaulted.

### a. Doctrine of procedural default

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure

requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes). The United States Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992). See Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

There are two exceptions to the procedural default doctrine. A federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted). The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts, the Court explained this exception as follows:

> [I]f the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [*Murray v. Carrier*, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Id.

Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. See, e.g., Wainwright v. Sykes; McClain v. Deuth, 151 F.3d 1033 (Table), 1998 WL 516804, at *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 n.3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993).

### b. Ground One was procedurally defaulted.

Petitioner does not make clear when this Ground became available to her, i.e., when she learned that her sentence was not being credited as she thought it should be. To the extent that she learned of the allegedly incorrect crediting of her sentence by the date she filed her pro se PCRA Petition, which was May 30, 2012, ECF No. 27-2 at 20 - 34, she did not appear to raise this specific issue in that pro se PCRA Petition. Nor did she appear to raise this issue in her response to her PCRA counsel's no merit letter, wherein he demonstrated that Petitioner was not entitled to any pre-trial custody credit for any time served prior to August 26, 2011 given that she was not incarcerated on any charges that were related to the convictions which are currently being challenged in this Petition before this Court. ECF No. 27-3 at 25. Petitioner does appear to raise some issue with respect to a sentencing credit issue in her "Response to the Court's Dismissal of P.C.R.A." ECF No. 27-4 at 8 ("This Court showed it's [sic] power by sending Lynne Thompson to SCI-Muncy after spending close to thirteen months in Allegheny County Jail and not given the time credited.").

However, even if we could deem that she preserved this claim of improper sentencing credit in the PCRA trial proceedings, this claim was procedurally defaulted, as the Respondents point out, when the appeal to the Superior Court was dismissed for Petitioner's personal failure to file a brief in the Superior Court after her PCRA trial counsel was granted leave to withdraw. Failure to file a brief in the Superior Court by May 30, 2014, when the Superior Court dismissed the appeal constitutes a procedural default of the claimed sentencing credit. See, e.g., Horton v. Lamas, No. 10-CV-04728, 2013 WL 4663404, at (E.D. Pa., Aug. 30, 2013) ("federal habeas claims were procedurally defaulted where direct appeal was dismissed for failure to file a brief") (citing Frey v. Stowitzky, No. 06–4490, 2007 WL 1574768, at *2 (E.D. Pa., May 31, 2007));

Laskaris v. Foulk, Civil No. 1:09–22, 2011 WL 2295128, at *3 (W.D. Pa., May 16, 2011) (holding that pro se petitioner's failure to file a brief in Superior Court appeal of PCRA resulted in procedural default).

Accordingly, for the foregoing reasons, Petitioner's Ground One is either meritless or procedurally defaulted. Therefore, Ground One does not afford Petitioner a basis for relief in these federal habeas proceedings.

### C. Ground Two is Procedurally Defaulted.

Petitioner's Ground Two raises a claim that her counsel were ineffective for failing to have "corrected the dates to get credit for time that had already been served in ACJ." ECF No. 2 at 10. To the extent that Petitioner claims her counsel were ineffective for failing to raise a claim regarding the sentencing credit claim that she raises herein, i.e., that she was not properly credited for time from August 25, 2011 to July 5, 2012, we find the claim to have been procedurally defaulted. It appears that Petitioner could have raised such an ineffectiveness claim in the PCRA proceedings that commenced in May 2012, at least with respect to the failure to properly credit her sentence up to May 2012, and that as a result of the dismissal of her *pro se* appeal in the PCRA proceedings due to her failure to file a brief, she procedurally defaulted her claims of ineffectiveness and that she is solely responsible for such failure to file a brief. Horton v. Lamas; Laskaris v. Foulk. Accordingly, Ground Two does not afford Petitioner relief in these federal habeas proceedings.

### D. Ground Three Is Not Cognizable.

In Ground Three, Petitioner appears to raise a claim regarding Judge Todd's alleged lying about Petitioner's appearance in his courtroom and causing a disturbance which resulted in him calling the Renewal Center which put Petitioner on restriction and prohibited her from leaving

the Renewal Center which resulted in her inability to come to this Court and pay filing fees for a federal civil rights suit that Petitioner filed against Judge Todd, causing the federal civil rights suit to be dismissed. Because remedying Judge Todd's alleged interference with Petitioner's ability to file a federal civil rights suit does not alter her sentence or undo her conviction, we find this claim to simply not be cognizable in these federal habeas proceedings. Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).

In Leamer, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Id. at 542. The Court in Leamer further explained that:

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; it would not be properly brought under habeas at all.

Id. at 544. Taking these passages in context of the entire opinion, we read the Leamer decision as endorsing the rule that where a state prisoner's claim does not necessarily challenge the fact or length of a judicially imposed sentence such that if the challenge were successful, a speedier release from confinement would occur, then that challenge may not proceed by way of a habeas petition. Applying Leamer here requires dismissal of Petitioner's Third Ground as not cognizable via this habeas proceeding.

14

### E. Supplemental Petition and Miscellaneous Motions.

Similarly, the claims raised in her Supplemental Petition, including the repetitive claim that Judge Todd interfered with her pursuit of a civil rights action in this Court, fail to raise claims that are cognizable in the federal habeas proceedings. Leamer. To the extent that Petitioner raises in the Supplemental Petition the claim that her sentence was not being properly credited, ECF No. 5 at 4 - 5, we addressed the claim above.

Petitioner also seeks monetary damages in her Supplemental Petition as well as in two of her motions filed after the Answer was filed, i.e., Motion for Compensation For Wrongful Incarceration, ECF No. 30, and in her Motion For to Compel for Wrongful Incarceration Compensation and Hearing Forthwith, ECF No. 32. However, Petitioner may not seek monetary damages in a habeas proceeding. See, e.g., Burnam v. Marberry, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (where a prisoner filed an action seeking relief under the Privacy Act and under the Administrative Procedures Act but also repeatedly mentioned 28 U.S.C. § 2241 throughout the filing, and the District Court construed the filing as a Section 2241 petition but also entertained the non-habeas APA claims, the Court of Appeals criticized the District Court for doing so and declared that the District Court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case. A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations, or in the alternative to have still construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence."); Forrest v. Sauers, No. 3:CV-13-0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek

monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action.").

In light of the fact that we are denying the Petition, we deny the pending Motions, ECF Nos. 28, 29, 30, 31 and 32 as moot for the most part.  The Motions are not moot to the extent that Petitioner attempts to raise a claim in ECF No. 29, about a hearing concerning her parole that took place on February 24, 2015, and a detainer that was apparently imposed on August 25, 2014, and to the extent that she attempts to raise a claim in ECF No. 32, about her sentence calculation that was apparently performed on or around May 15, 2015 by the Department of Corrections.  We do not dismiss such claims as moot but instead, we dismiss such claims without prejudice as not having been properly made part of her habeas petition via her seeking leave to amend her Petition and as not having been exhausted.

**F.  Certificate of Appealability**

A certificate of appealability is denied as we find that jurists of reason would not find the foregoing analysis debatable.

BY THE COURT:

Date:  October 15, 2015
s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Lynne Thompson
       OT-0636
       SCI Cambridge Springs
       451 Fullerton Avenue
       Cambridge Springs, PA 16403-1238